UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff<br><br>v.<br><br>David Sapper,<br><br>    Defendant | Case No.: 2:12-cr-00435-JAD-CWH-1<br><br>**Order Granting Requests for Leave to File Under Seal and Appointment of Counsel but Denying Motion for Early Termination of Supervised Release**<br><br>[ECF Nos. 66, 67, 69] |

    David Sapper is more than five years into a lifetime term of supervised release after completing a seventy-month sentence for one count of coercion and enticement and one count of being a felon in possession of a firearm.  He moves to end his supervision early, arguing that he has complied with the supervision terms and, as the primary caregiver of his children, he needs to take them to functions where other children may be present.  He requests, in the alternative, modifications to his conditions of release allowing him to participate in his children's school activities and a reduction in the term of supervision.  The government opposes the motion, contending that Sapper still poses a danger to the community and that he has not met his burden of demonstrating that the court should terminate his supervised release.  Because Sapper has demonstrated his inability to afford an attorney, I grant his motions for appointment of counsel and for leave to file his financial affidavit under seal.  But, while I acknowledge that Sapper has made progress toward rehabilitation, I find that he hasn't yet met the necessary threshold for early termination and thus deny his motion.

**Discussion**

**I.    Sapper is entitled to a court-appointed attorney.**

District judges have discretion to appoint counsel for "any person financially unable to obtain adequate representation."[1] Eligibility for court-appointed counsel is determined by assessing the person's financial affidavit under a deferential standard: "[a]ny doubts about a person's eligibility should be resolved in favor of eligibility."[2] Sapper's financial affidavit confirms his inability to afford an attorney and his need for one to be appointed for him, so I grant his request to appoint counsel.

**II.   Sapper's financial affidavit will remain sealed.**

It is well-established that the Ninth Circuit "recognize[s] a 'general right to inspect and copy public records and documents, including judicial records and documents.'"[3] "This right is justified by the interest of citizens in keeping a watchful eye on the workings of public agencies."[4] But "access to judicial records is not absolute."[5] Ordinarily, "[w]hen ruling on a motion to seal court records, the district court must balance the competing interests of the public and the party seeking to seal judicial records."[6] Courts in the Ninth Circuit and at least two other circuit courts have recognized that such a standard doesn't apply to financial affidavits like the

---

[1] L.C.R. 44-1 (citing the Plan for Administration of the Criminal Justice Act (CJA) of 1964, https://www.nvd.uscourts.gov/wp-content/uploads/2021/01/CJA-Plan-Revised-12-2020.pdf).

[2] The Plan for Administration of the CJA of 1964 at 7–8.

[3] *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).

[4] *Id.* (cleaned up).

[5] *Id.*

[6] *In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litig.*, 685 F.3d 1115, 1119 (9th Cir. 2012) (citing *Kamakana*, 447 F.3d at 1179).

one Sapper filed here because they are administrative, not judicial, in nature.[7] I find that reasoning persuasive and adopt it here. So, because Sapper's affidavit is an administrative document that contains personal financial information that the public does not need access to, I grant his request for leave to file the affidavit under seal.

### III. Sapper has not met his burden to demonstrate that he is entitled to early termination of supervised release.

"After considering a subset of the sentencing factors set forth in 18 U.S.C. § 3553(a), a court may terminate a term of supervised release" after the expiration of the first year of supervised release if the court "'is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.'"[8] Those § 3553(a) factors are the nature and circumstances of the offense; the defendant's history and characteristics; the need to deter criminal conduct, protect the public from the defendant's further crimes, and give the defendant needed resources that the probation office can provide; the sentence and sentencing range; the need to avoid unwarranted sentencing disparities; and the need to provide restitution to any victims.[9] But the court is not obligated to "tick off" each § 3553(a) factor and illustrate its consideration.[10] "It is the defendant's burden to establish that he is entitled to the rarely granted

---

[7] *See In re Boston Herald, Inc.*, 321 F.3d 174, 181 (1st Cir. 2003); *United States v. Gonzalez*, 150 F.3d 1246, 1254–55 (10th Cir. 1998); *see also U.S. v. Lexin*, 434 F. Supp. 2d 836, 847–49 (S.D. Cal. 2006) (finding that because "[t]he documents containing the financial information of a [d]efendant requesting appointment of counsel that are submitted to the court are not related to the process of adjudicating whether defendants are guilty or innocent of the crimes on which they are charged," such documents "are not judicial documents" and are instead "administrative documents not subject to disclosure to the public or press"); *Morrison v. Dietz*, 2010 WL 395918, at *3 (N.D. Cal. Feb. 1, 2010).

[8] *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014) (quoting 18 U.S.C. § 3583(e)(1)).

[9] 18 U.S.C. §§ 3553(a), 3583(e)(1).

[10] *United States v. Langenbach*, 848 F. App'x 356, 357 (9th Cir. 2021) (unpublished).

remedy of early termination of supervised release."[11]  "This is usually accomplished by alerting the district court to 'unforeseen' or 'changed circumstances' that implicate [the] initial sentencing decision and analysis."[12]

Sapper has not carried his burden to show that early termination is warranted.  Though he accurately recounts that he has been fully compliant with his conditions of supervision, that responsibility is expected of him.  As the Ninth Circuit Court of Appeals explained in *United States v. Misraje*, "[i]t is a supervisee's obligation to strictly comply with the terms of supervised release,"[13] so compliance—even perfect compliance—does not justify a reduction in a court-ordered supervised-release term.

Sapper requests early termination of his supervised release "to be able to fully participate in his children's lives without having to worry about violating the Court's orders."[14]  He adds that he is the primary caregiver for his children and his oldest son has "[spina] bifida," requiring numerous doctor's appointments and therapy appointments for his care.[15]  While incarcerated, Sapper completed half of the credits required for an associate degree, obtained dozens of certificates, and even taught other inmates.[16]  After being released, he completed all required behavioral counseling and is now in maintenance therapy.[17]

---

[11] *Emmett*, 749 F.3d at 824 (Nguyen, J., dissenting).

[12] *Id*. (quoting *United States v. Miller*, 205 F.3d 1098, 1101 (9th Cir. 2000)).  Although "[c]hanged circumstances *may* in some instances justify a modification," they are not required for early termination.  *United States v. Ponce*, 22 F.4th 1045, 1047 (9th Cir. 2022) (internal quotation marks omitted).

[13] *United States v. Misraje*, 888 F.3d 1113, 1116 (9th Cir. 2018).

[14] ECF No. 69 at 3.

[15] *Id.*

[16] *Id.* at 2.

[17] *Id.*

Certainly, these accomplishments help shift the balance of the defendant's history and characteristics in Sapper's favor, but they do not outweigh the serious nature and circumstances of his offense, which tip heavily against Sapper's release from supervision. Sapper was convicted of engaging in sexually explicit communications and attempted to have sex with a person he believed to be an under-aged girl. At the same time, he also possessed 9 firearms, 22 magazines, and more than 6 boxes of ammunition despite previously being convicted of a felony.[18] These details tip heavily against early termination. And Sapper has not adequately explained why seeking a specific modification of his conditions will not address his concerns related to caring for his children. He asserts that his oldest child is "nearly at school age,"[19] but he has demonstrated no need to take his children to school or participate in school events beyond a generalized assertion he'll have such responsibilities when they do reach school age. I therefore cannot conclude that the § 3553(a) factors or interests of justice support an early termination of Sapper's supervision at this time.

### IV. Sapper's request for modification to his conditions is overly broad.

As an alternative to early termination, Sapper requests that his conditions be modified "to allow him to pick up and drop off his children at school and be allowed to participate in school events."[20] Given that Sapper's children are not yet school age and the requested modification is broad enough to include a wide range of activities enabling Sapper to interact with children unsupervised, I deny this request without prejudice to Sapper's ability to renew it with greater

---

[18] ECF No. 71 at 5.
[19] ECF No. 69 at 3.
[20] *Id.*

5

detail and guardrails when his children reach school age.  But current circumstances do not warrant this modification.

**Conclusion**

IT IS THEREFORE ORDERED that Sapper's motion for early termination of supervised release **[ECF No. 69] is DENIED**.

IT IS FURTHER ORDERED that Sapper's renewed motion for appointment of counsel **[ECF No. 66] is GRANTED *nunc pro tunc* to July 31, 2024**, and his motion for leave to file his affidavit under seal **[ECF No. 67] is also GRANTED**.  The Clerk of Court is directed to **MAINTAIN THE SEAL on docket entry ECF No. 68.**

_____
U.S. District Judge Jennifer A. Dorsey
September 16, 2024